UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD JAMES P.,[1]

                              Plaintiff,                    **DECISION AND ORDER**

v.

                                                           1:20-cv-00358 (JJM)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

        This is an action brought pursuant to 42 U.S.C. §1383(c)(3) to review the final

determination of the Commissioner of Social Security that plaintiff was not entitled to

Supplemental Security income ("SSI"). Before the court are the parties' cross-motions for

judgment on the pleadings [16, 17].[2]  The parties have consented to my jurisdiction [19].

Having reviewed their submissions [16, 17, 18], the plaintiff's motion is granted.

## BACKGROUND

        The parties' familiarity with the 921-page administrative record ([11] through

[11-13]) is presumed. Further, the parties have comprehensively set forth in their papers the

plaintiff's treatment history and the relevant medical evidence. Accordingly, I refer only to those

facts necessary to explain my decision.

_____

[1]        In accordance with the guidance from the Committee on Court Administration
and Case Management of the Judicial Conference of the United States, which was adopted by the Western
District of New York on November 18, 2020 in order to better protect personal and medical information
of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last
initial.

[2]        Bracketed references are to the CM/ECF docket entries. Page references to the
administrative record are to the Bates numbering.  All other page references are to the CM/ECF
pagination (upper right corner of the page).

After plaintiff's claim was initially denied (administrative record, p. 15), an administrative hearing was held on September 18, 2018 before Administrative Law Judge ("ALJ") Larry Banks.  *See* id., pp. 30-63 (transcript of hearing).  On November 15, 2018, ALJ Banks issued a decision finding that plaintiff was not disabled.  Id., pp. 15-24. Following an unsuccessful request for review with the Appeals Council (id., pp. 1-4), plaintiff initiated this action.

**A.  ALJ Banks's RFC Determination**

ALJ Banks found that plaintiff's severe impairments were "schizoaffective disorder and anxiety disorder".[3]  Id., p. 17.  He also determined that plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, with the following nonexertional limitations:

> "the claimant is limited to work requiring understanding, remembering, and carrying out one to four step unskilled instructions; the claimant cannot perform work requiring a specific production rate, such as assembly line work; the claimant is limited to low stress work, which is defined as having only occasional changes in the work setting an requiring no more than occasional decision making pertaining to unskilled work; and the claimant should have no more than occasional contact with supervisors, no more than incidental interaction with coworkers (i.e., very little if any contact to perform work related duties), and no contact with the public with respect to performing work related duties.  Due to concentration focus problems, the claimant would be off task less than 15 percent of the workday, and is able to sustain concentration, persistence or pace in two-hour blocks of time with normal work breaks to complete a normal workday."

Id., p. 19.

---

[3]     ALJ Banks also considered, but rejected for purposes of this step of the sequential evaluation, evidence of neck pain and substance abuse.  Administrative Record, pp. 17-18.  Plaintiff does not challenge ALJ Banks's findings concerning his severe impairments.

To support his RFC findings, ALJ Banks considered opinions concerning plaintiff's functional limitations from three sources: 1) consultative examiner Janine Ippolito, Psy.D.; 2) state agency psychological consultant O. Fassler, Ph.D.; and 3) plaintiff's treating mental health practitioners, Hany Shehata, M.D. and Katie McDonough, LMSW.  Id., pp. 20-22.

ALJ Banks assigned "great weight" to Dr. Fassler's December 19, 2016 opinion. Id., p. 22.  Dr. Fassler opined, *inter alia*, that plaintiff was "moderately limited" in his ability to perform a variety of mental functions related to the ability to sustain concentration and persistence and in his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms".  He did not otherwise elaborate upon the amount of time plaintiff would be off task on any given day, how long plaintiff could sustain concentration or persistence, or how many days plaintiff would likely be absent from work during any given week or month. Id., p. 75.

Dr. Shehata opined that plaintiff had a number of moderate and marked limitations.  He estimated that plaintiff would be off task, *i.e.* plaintiff's symptoms would "likely be severe enough to interfere with attention and concentration needed to perform even simple work tasks", 20% of the time – over 1-1/2 hours per day.  Id., p. 765.  In addition, he estimated plaintiff would be absent from work as a result of his impairments or treatment more than four days per month.  Id., p. 766.  ALJ Banks gave "only some" weight to Dr. Shehata's opinion, explaining:

> "The evidence does support moderate limitations regarding social
> functioning but not in the areas regarding concentration,
> persistence, or pace.  While the treatment notes from Dr. Shehata
> and Ms. McDonough show some problems with attention and
> concentration as well as reports of hallucinations, the claimant was
> able to attend almost all his appointments without problems . . .
> This would suggest the claimant would be able to maintain a
> schedule.  Additionally, Dr. Shehata and Ms. McDonough indicate

> that the claimant has good insight into his problems and is
> generally in a good mood and oriented to time and place . . . As the
> treatment notes from Dr. Shehata and Ms. McDonough do not
> support the extensive limitations listed and are inconsistent with
> the claimant's activities of daily living, their opinions are given
> only some weight."

Id., p. 21.

ALJ Banks rejected Dr. Ippolito's opinion that plaintiff had a marked limitation dealing with stress, but endorsed moderate limitations in the areas of attention and concentration because they "are consistent with the record". Id., p. 22.

The vocational expert testified that competitive employment would be precluded if an individual was off task more than 15% of the workday. Id., pp. 60-61.

Based upon the RFC and the vocational expert's testimony, ALJ Banks determined that there were jobs available in the national economy that plaintiff could perform. Id., p. 9. He therefore concluded that plaintiff was not disabled as defined in the Social Security Act. Id.

## ANALYSIS

### A. Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938). It is well settled that an adjudicator determining a claim for DIB and/or SSI employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§ 404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the

Commissioner has the burden at step five.  *See* <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d. Cir. 2012).

Plaintiff argues that the RFC is not supported by substantial evidence. Plaintiff's Memorandum [16-1], pp. 14-18.  Specifically, plaintiff argues that ALJ Banks failed to support with substantial evidence – or any evidence – his determination that plaintiff "would be off task less than 15 percent of the workday" and "is able to sustain concentration, persistence or pace in two-hour blocks of time with normal work breaks to complete a normal workday".  <u>Id.</u>, pp. 14-18.  Plaintiff argues further that ALJ Banks failed to provide good reasons to assign less-than-controlling Dr. Shehata's opinion.  <u>Id.</u>, pp. 18-23.  Because these issues are interrelated, I treat them together.

### B.  ALJ Banks Failed to Support the RFC with Substantial Evidence

ALJ Banks included in the RFC findings that plaintiff "would be off task less than 15 percent of the workday" and is "able to sustain concentration, persistence or pace in two-hour blocks of time with normal work breaks to complete a normal workday".  <u>Id.</u>, p. 19.  However, nowhere did he identify any medical opinion or other evidence in the record to support his findings that plaintiff would be off task less than 15% of the workday, or that he could maintain concentration, persistence, or pace for two-hour periods of time.

To the contrary, Dr. Shehata opined that plaintiff would be off task 20% of a typical workday due to symptoms severe enough to interfere with the attention and concentration plaintiff would need to perform even simple work tasks.  <u>Id.</u>, p. 765.  Neither Dr. Ippolito nor Dr. Fassler commented on a percentage of time plaintiff would be off task.  *See* <u>id.</u>, pp. 75, 282-286.  However, both opined that plaintiff would have moderate limitations in his ability to maintain attention and concentration.  <u>Id.</u>, pp. 75, 285.

Absent medical evidence of a plaintiff's functional limitations, "[n]either the trial judge nor the ALJ is permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); Burgess, 537 F.3d at 129 (*citing* Shaw, supra). The absence of substantial evidence to support an ALJ's findings concerning a plaintiff's RFC is a basis for remand. Mariani v. Colvin, 567 Fed. Appx. 8, 11 (2d Cir. 2014) (Summary Order). A treating physician's opinion is accorded "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record". 20 C.F.R. §§404.1527(c)(2); 416.927(c)(2). If the treating physician's opinion does not meet this standard, the ALJ may discount it, but is "required to explain the weight it gives to the opinions of a treating physician . . . . Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand". Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999). *See also* 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). "The ALJ must consider, *inter alia*, the '[l]ength of the treatment relationship and the frequency of examination'; the '[n]ature and extent of the treatment relationship'; the 'relevant evidence . . . particularly medical signs and laboratory findings,' supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (*citing* 20 C.F.R. §404.1527(d), now (c)).

Mariani, supra, is illustrative. There, the Second Circuit reviewed an ALJ's determination that a plaintiff could use his hand fifty percent of the time. To arrive at his determination, the ALJ rejected the opinion of the plaintiff's treating physician, who concluded the plaintiff could not use his hand at all. The ALJ also rejected the consulting physician's

- 6 -

conclusion that the plaintiff's hand and finger dexterity were intact.  The Court found that the

ALJ improperly crafted a residual functional capacity after rejecting all the opinions in the record

concerning plaintiff's ability to use his hand and remanded the case for further development of

the record:

> "Medical evidence at both ends of the spectrum, however, is not
> substantial evidence for a finding that the extent of the disability is
> fifty percent capacity. . . . There is no other evidence in the
> administrative record that provides substantial evidence for the
> ALJ's fifty percent finding. . . . Because there is not substantial
> evidence for the ALJ's finding . . . we cannot uphold the ALJ's
> decision to reject Mariani's claim for disability benefits.  Further
> findings would plainly help to assure the proper disposition of
> Mariani's claim; therefore, remand for further factfinding as to the
> extent of Mariani's hand impairment is the appropriate remedy."

Mariani, 567 Fed. Appx. at 10-11 (internal quotations and citations omitted).

The Second Circuit recently applied similar reasoning in the context of mental

health conditions.  In Stacey v. Commissioner, 799 Fed. Appx. 7 (2d Cir. 2020) (Summary

Order), plaintiff's treating psychologist opined that plaintiff would be off task for more than 15%

of the workday.  Id., *8.  The ALJ rejected that opinion, relying upon the opinions of two non-

examining state agency psychologists, who opined that the plaintiff could sustain concentration

for two-hour periods of time.  Id.   The court found that the ALJ erred in rejecting the opinion of

plaintiff's treating psychologist concerning off task time and instead crediting the opinions of the

non-examining state agency psychologists:

> "[T]he state agency psychologists' opinions were not sufficiently
> substantial to undermine the opinion of the treating physician. . . .
> Although both psychologists concluded that Stacey can
> concentrate for two-hour blocks of time, . . . neither cited any
> evidence in support of that conclusion, nor did they provide any
> narrative explanation for how they arrived at it. . . . This
> unsupported opinion, offered by two psychologists who never so
> much as examined Stacey, is little more than *ipse dixit*.  It certainly
> is not sufficient to contradict the assessment of a psychologist who

        saw Stacey regularly for years and formed an opinion based on
        firsthand observation and conversations."

Id., *10-11 (internal citations and quotations omitted).

        Here, no doctor opined that plaintiff was capable of maintaining attention and concentration for two-hour blocks of time, and only plaintiff's treating providers offered an opinion concerning plaintiff's expected time off task.  *See* administrative record, pp. 75, 285, 765.  Accordingly, it is not evident what record evidence permitted ALJ Banks, as a lay person, to reach a very specific RFC that plaintiff can sustain attention and concentration for two-hour segments in an eight-hour day, and be off task for less than 15% of the workday.  *See* id., p. 19. ALJ Banks does not identify any such evidence.  The absence of any such evidence is particularly significant here, where plaintiff's treating mental health professionals clearly stated that they expected plaintiff would be off task 20% of every workday because his symptoms would interfere with his attention and concentration.

        Moreover, although I agree with the Commissioner that a limitation to unskilled work often accounts for moderate functional limitations (*see* Commissioner's Brief [17-1], p. 13), this rough equivalence fails to ameliorate the ALJ's error.  The reasons which ALJ Banks cited to modify the percentage of expected off task time opined by Dr. Shehata have little bearing on an individual's ability to perform work activities – at any skill level – with less than 20% time off task, nor do they provide support for ALJ Banks' downward adjustment of plaintiff's expected off task time.  For example, successfully attending a medical appointment, having insight into one's problems, being in a good mood, being oriented to time and place, and performing some activities of daily living do not demonstrate that plaintiff could maintain attention and concentration for 85%, rather than only 80%, of an eight-hour workday. *See* id., p. 21.  Accordingly, these are not "good reasons" to reject Dr. Shehata's opinion.  To the extent that

the medical evidence was unclear concerning plaintiff's functional abilities, ALJ Banks had an obligation to develop the record.  *See* <u>Rosa v. Callahan</u>, 168 F.3d 72, 79 (2d Cir. 1999) ("where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel" (internal quotation omitted)).

Finally, given the vocational expert's testimony, the ALJ's analysis of this issue could be critical to the outcome of this claim.  *See* <u>Cosnyka v. Colvin</u>, 576 Fed. Appx. 43, 46 (2d Cir. 2014) (Summary Order) ("[t]here is no evidence in the record to the effect that Cosnyka would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday").  The vocational expert testified that competitive employment would be precluded for a person that would be off task more than 15% of the time.  <u>Id.</u>, p. 61.

Accordingly, this matter is remanded for a proper analysis of the plaintiff's non-exertional RFC, including further development of the record, if necessary, as to plaintiff's ability to maintain concentration, persistence or pace in two-hour blocks of time, and the amount of time plaintiff would likely be off-task due to symptoms interfering with attention and concentration.  <u>Cosnyka</u>, 576 Fed. Appx. at 46 ("[b]ecause there is no substantial evidence for the ALJ's six-minutes per hour formulation, and this formulation was crucial to the vocational expert's conclusion that there were jobs Cosnyka could perform, we cannot uphold the ALJ's decision to reject Cosnyka's claim for benefits.  Further factfinding would plainly help to assure the proper disposition of Cosnyka's claim") (internal quotations omitted).

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings [16] is granted to the extent that this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.  Accordingly, the Commissioner's motion for judgment on the pleadings [17] is denied.


**SO ORDERED**.

Dated: September 29, 2020

/s/      Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge